IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| AMOS LEE DRYER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:05-CV-161 (WLS) |
| | : | |
| | : | |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| K. ROBERTS; Dr. AYERS; L. BRIDGES; | : | |
| D. W. CROSS; Sgt. LAVETT; Officer | : | |
| MCDONALD, | : | |
| | : | |
| Defendants. | : | **ORDER** |

Plaintiff **AMOS LEE DRYER**, an inmate Calhoun State Prison in Morgan, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  By Order dated November 1, 2005, this case was transferred from the United States District Court for the Northern District of Georgia to the United States District Court for the Middle District of Georgia, Albany Division.

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  It appears that plaintiff is unable to pay the cost of commencing this action and, therefore,  plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.  However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $250.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A,  a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11ᵗʰ Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that on July 11, 2005 he severely injured his back while moving several chairs at Calhoun State Prison. Plaintiff alleges that his back hurt so badly, he was unable to move. According to Plaintiff, Officer McDaniel and Sgt. Lavett informed him that he would report the incident to the medical unit and help him get medical attention.  Plaintiff states that these two defendants failed to get him medical help.

Plaintiff alleges that when he was finally  allowed to see Dr. Ayers, the doctor failed to

perform any x-rays on his back or provide any treatment for his back whatsoever. Plaintiff also complains that he suffers from hepatitis C and Dr. Ayers refuses to give him any medications or treatment for this condition at all.

According to plaintiff, he is still suffering severe pain due to the back injury and complications from hepatitis C. Plaintiff states he has reported his injuries and pain to the Warden (K. Roberts), L. Bridges, and D. W. Cross. However, these individuals refuse to help him at all.

The Court finds that plaintiff's claims appear to be colorable at this time. Consequently, this action shall go forward against the named defendants. Accordingly, it is hereby **ORDERED** that service be made as provided by law upon defendant K. Roberts, Dr. Ayers, L. Bridges, D. W. Cross, Sgt. Lavett, and Officer McDaniel, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***.

It is further ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been

disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, discovery, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a

protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendants' answer and/or dispositive motion. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/part. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county

wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $250.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $250.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment

in a case upon the written consent of all the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented.  Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days.  Counsel may execute election forms on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED**, this 16th day of March, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL NOT BE FILED WITH THE CLERK OF COURT.  NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.

DO NOT FILE ANY DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE

MOTION, OR SIMILAR MOTION.